MARY ANN LOKAN, RAMONA ELAINE LOKAN-JOHNSON, and ANTHONY WAYNE LOKAN, Plaintiffs

v.

FELETI M. LOKAN and GEORGE C. STOUT, Co-administrators of the Estate of GEORGE PHILIP LOKAN, Deceased, Defendants

High Court of American Samoa
Trial Division

PR No. 15-86

December 16, 1987

Before REES,   Chief Justice,   and VAIVAO, Associate Judge.

Counsel: For Plaintiffs, William Reardon
For Defendants, Roger Hazell

The facts and issues in this case are set out in our opinion on plaintiffs' motion for summary judgment. After the denial of that motion the case came for trial. It is clear on the evidence that George Lokan's will contained a general devise of all his property to Lavinia Lokan. The issue of ademption, raised by plaintiffs in their motion for summary judgment and again at the conclusion of the trial, is therefore moot. The estate should be closed and title to the decedent's property vested in Lavinia Lokan.

As plaintiffs point out, however, the estate has been poorly administered. The Court is now asked to approve a "final accounting" containing expenses already paid, in numbers that are both round and large, for such vague and general items as "funeral supplies" and "professional services." An item apparently intended as an attorney's fee, which would be entirely appropriate if it were so designated, is instead referred to as an "honorarium." At the hearing the Court learned that one of the co-administrators, the son of George and Lavinia Lokan, had induced the other co-administrator to sign some blank checks for funeral expenses and had filled out and cashed one such check in the amount of $10,000; this money was used for improvements on Lavinia's house at a time when it was not at all sure that she would prevail in this litigation. The co-administrators also took about $70,000 out of certificates of deposit and left it in a non-interest-bearing bank account for about a year. This cost the estate about $4000.

Since the only person ultimately injured by this maladministration was Lavinia Lokan and since most of it seems to have been done with her complicity, the Court will approve the final accounting with one modification: the administrators have not shown themselves to be entitled to fees. The accounting states that $1000 has already been paid to each of the two administrators and that each is still owed $893.59. The accounting also states that $865 is owed to co-administrator Stout for travel expenses. Stout is therefore ordered to reimburse the estate in the amount of $135 within 15 days. Feleti Lokan is ordered to reimburse the estate in the amount of $1000 within 15 days.

Counsel for the estate is instructed to explain this order to the co-administrators, to Lavinia Lokan, and to the adopted children of George and Lavinia for whose "well-being" George wished the legacy to be used. Counsel is also instructed to file within 30 days a revised accounting to correspond with this order, as well as a proposed order precisely identifying the assets whose title should be transferred to Lavinia Lokan.

It is so ordered.